**ORDERED ACCORDINGLY.**



1  Attorney name Steven D. Keist #011251         **Dated: April 22, 2010**
   Attorney address POB 1734
2  Attorney city, state  zip Glendale, AZ 85311
   Attorney phone number 623-937-9799
3  Attorney fax number 623-435-9057
   Attorney email skeist@keistlaw.com
4  **Attorney for Debtors**                              **GEORGE B. NIELSEN, JR**
                                                         **U.S. Bankruptcy Judge**

5              **IN THE UNITED STATES BANKRUPTCY COURT**

6                   **FOR THE DISTRICT OF ARIZONA**

7  In re                              )     In Proceedings Under Chapter 13
                                      )     No. 2-09-bk-03114 *GBN*
8  **DON A. MOORE**                   )
   **DULCEY S. MOORE,**               )     **STIPULATED ORDER**
9                                     )     **CONFIRMING** *AMENDED*        *PBS*
                                      )     **CHAPTER 13 PLAN AND**
10                                    )     **APPROVING APPLICATION**
                  Debtors.           )     **FOR PAYMENT OF**
11 _____ )         **ADMINISTRATIVE EXPENSES**

12         This matter having come before the Court, and good cause

13 appearing,

14         **IT IS HEREBY ORDERED confirming Debtors' Chapter 13**

15 **Plan and Approving Application for Payment of Administrative Fees as**

16 **follows:**

17         I.    Debtors shall submit that portion of their future income to the

18 supervision and control of the Trustee as is necessary for the execution of the

19 Plan. For **month 1,** Debtors shall pay the sum of $1,992.00. For **months 2-60,** (month

20 2 is April 24, 2009) Debtors shall pay the sum of $1,000.00.  Plan payments shall be due

21 on the  24th  day of each month commencing **March, 2009**.  Debtors shall also

22 submit to the Trustee a copy of the  2009 through 2011 federal and state

23 income  tax  returns,  including  all  attachments,  forms,  schedules,  and

24 statements, within fifteen days of filing them.

25         Only creditors holding claims duly filed, proved and allowed shall be

26 allowed to receive dividend payments under the Plan.

27         Debtors are instructed to remit all payments **on or before the stated**

28 **due date** each month.  Debtors are advised that when payments are remitted

late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall <u>must</u> be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums and must be included in any Plan Confirmation Orders. In no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

The Plan and this Order shall not constitute an informal proof of claim for any creditor.

II.   Claims shall be classified as listed below and paid in accordance with the following Plan:

## A. **Administrative Expenses.**

1.   Trustee's Fees:   The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. Section 586(e), but not to exceed 10%.

2.   Attorney's Fees:   A total of $1,426.00 shall be paid under the Plan.

## B. **Secured Creditors--Real Property.**

1. **WELLS FARGO** has a first lien on Debtors' residence. There is an arrearage owed in the amount of $1,909.00 which shall be paid through Debtors' Plan, without interest. The Trustee shall pay this claim through Debtors' Chapter 13, Plan, absent the filing of a  Proof of Claim.

Accrued attorney's fees owed to Tiffany and Bosco in the amount of $200.00 shall be paid as set forth in Schedule F Unsecured Creditors.
※ 2.

## C. **Secured Creditors--Personal Property.**

1. **JP Morgan Chase**   has a 2005 Nissan Maxima SE vehicle as collateral on its loan. The current amount owed on the loan as of the filing of the Plan is $13,544.00  which shall be paid through Debtors' Plan at the contract interest rate of

※ 2. The Debtors shall continue to make regular ongoing payments to JP Morgan Chase Bank, claim #11, the second lien holder, outside the Plan. There are no arrears.

1 | 7.71%. The Trustee shall pay this claim through Debtors' Chapter 13, Plan, absent the
2 | filing of a Proof of Claim.

### D. Priority Claims.

Debtors state that they have filed all required tax returns through tax year 2009.

**INTERNAL REVENUE SERVICE** shall be paid the full amount of its priority debt, in the amount of $2,049.00 through Debtors' Plan for tax year 2008.

**ARIZONA DEPARTMENT OF REVENUE** shall be paid the full amount of its priority debt, in the amount of $600.00 through Debtors' Plan

Any taxes not paid by the plan or a claim that is not allowed shall be discharged except as provided by 11 U.S.C. Sec. 1328(a).

### E. Executory Contracts.

Debtors hereby reject the Lease entered into with Rodeo Park Plaza LLC.

### F. Unsecured Claims.

All other claims, including unsecured general tax claims, shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the Plan pro rata after all the foregoing claims have been paid. Any amounts not paid shall be discharged except as provided by 11 U.S.C. Sec. 1328(a). *Unsecured nonpriority claims must be paid at least $13,609.00 before the plan is deemed completed.*

III. Schedule of Payments.

1. Trustee's fees shall be deducted from each Plan payment actually disbursed to creditors.

2. Attorney's fees.

3

1     3. Arrearage on claims secured by real property, if any.

2     4. Secured claims, if any.

3     5. Priority claims, if any.

4     6. Unsecured claims, pro rata.

5         If, during the <u>first</u> 36 months of the confirmed Chapter 13 Plan,

6 there are changes in the Debtors' income and expenses which affect the

7 monthly amount of disposable income available to fund the Plan, the Trustee

8 requires the Debtors to file an updated statement of income and expenses with

9 the Court and the Trustee.

10        Debtors represent that this Plan has been proposed in good faith

11 and is not by any means forbidden by law. Debtors, at this time, believes that

12 they will be able to make all proposed payments under the Plan and will be able

13 to comply with the Plan.

14        DATED this _____ day of _____, 2010.

15

16

17        **HONORABLE GEORGE B. NIELSEN**
          **JUDGE OF THE UNITED STATES**
18        **BANKRUPTCY COURT**

19

20  **APPROVED:**

21

22

23  Steven D. Keist
     Attorney for Debtors

24

25

26  Russell Brown
     Chapter 13 Trustee  4/20/10

27

28                 4

# LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

Debtor(s): **Don Alan Moore**
**Dulcey Shontelle Moore**              Case No.: _____

Prior:        Chapter 7 ( )        Chapter 13 ( )        Date: _____

## TOTAL DEBT AND ADMINISTRATE EXPENSES
## PROVIDED FOR BY THE PLAN

| | | | |
|---|---|---|---:|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ | 1,426.00 |
| B. | PRIORITY CLAIMS | $ | 2,649.00 |
| | 1. Taxes | $ | 2,649.00 |
| | 2. Other | $ | 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ | 0.00 |
| D. | PAYMENTS ON SECURED CLAIMS | $ | 14,847.00 |
| E. | PAYMENTS ON OTHER CLASS | $ | 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ | 35,078.00 |
| G. | SUB-TOTAL | $ | 54,000.00 |
| H. | TRUSTEE'S COMPENSATION ( __10__ % of debtor's payments) | $ | 6,000.00 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ | 60,000.00 |

## RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---:|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | | |
| | 1. Value of debtor's interest in nonexempt property | $ | 13,609.00 |
| | 2. Value of property recoverable under avoiding powers | $ | 0.00 |
| | 3. Less: Estimated Chapter 7 administrative expenses | $ | 0.00 |
| | 4. Less: Priority claims | $ | 2,649.00 |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ | 10,960.00 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ | 35,078.00 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.